UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

CHAVA LEZELL on behalf of herself and
all other similarly situated consumers

                              Plaintiff,

      -against-


USAA A/K/A UNITED SERVICES AUTOMOBILE ASSOCIATION

                              Defendant.

_____

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Chava Lezell seeks redress for the illegal practices of USAA a/k/a United Services Automobile Association in which it unlawfully engaged in the collection of consumer debts in violation of the Telephone Communications Privacy Act.

### *Parties*

2. Plaintiff is citizen of the State of New York who resides within this District.

3. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located within San Antonio, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

### *Jurisdiction and Venue*

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Chava Lezell*

8. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

9. On two hundred and eighteen occasions within the past three years, Defendant made two hundred and eighteen calls to an unauthorized wireless number belonging to Plaintiff.

10. Upon information and belief Defendant used an auto dialer and or prerecorded messages when calling the Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION
### *Violations of the Telephone Consumer Protection Act brought by Plaintiff*

11. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through ten (10) as if set forth fully in this Cause of Action.

12. The Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating two hundred and eighteen calls to the Plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the Plaintiff to leave such messages.

13. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against Plaintiff by the Defendant.

14. There is no exception or justification for the numerous violations of the TCPA by Defendant as the Plaintiff has not consented to the use of the wireless telephone number at issue where the Plaintiff was charged for each call.

15. Each call is a separate violation and entitles the Plaintiff to statutory damages against the Defendant in the amount of $500.00 per call.

16. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

17. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that it knew or should have known that its actions were in reckless disregard of the TCPA.  Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any Plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc*., 2010 U.S. Dist. LEXIS 43874)

18. This action is brought on behalf of the Plaintiff and the members of a class.

19. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within the past three years prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a consumer seeking payment of a consumer debt; and (b) the Defendant used an automatic telephone dialing system or an artificial or prerecorded voice; and (c) the Plaintiff did not provide prior express consent for such calls; and (d) that the telephone messages were in violation 47 U.S.C. § 227.

20. Pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), a class action is appropriate and preferable in this case because:

    (a) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the TCPA.

    (c) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    (d) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

21. A class action is superior for the fair and efficient adjudication of the class members' claims. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure.

*Violations of the Telephone Communications Privacy Act*

23.     The actions of the Defendant violate the TCPA.

24.     Because the Defendant intentionally violated the TCPA, the Plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the Defendant failed to obtain prior consent from the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 18, 2014

_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)