UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
CHAVA LEZELL and MORDECHAI
PALACE,

               Plaintiffs,              **MEMORANDUM & ORDER**

     -against-                 14-CV-5483 (FB) (PK)

USAA SAVINGS BANK and USAA
FEDERAL SAVINGS BANK,

               Defendant.
-----------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*                *For the Defendants:*
ADAM JON FISHBEIN          KRISTIN ANNE MUIR
483 Chestnut Street            PETER BRESLAUER
Cedarhurst, NY 11516         ERIN C. DOUGHERTY
                                   Montgomery McCracken Walker &
                                     Rhoads LLP
                                     437 Madison Ave
                                     29th Floor
                                     New York, NY 10022

**BLOCK, Senior District Judge:**

       Plaintiffs Chava Lezell and Mordechai Palace bring this action for violations

of the Telephone Consumer Protection Act ("TCPA") against defendants USAA

Savings Banks and USAA Federal Savings Bank (collectively, "USAA"). Lezell and

Palace, who are holders of multiple USAA credit cards, allege that USAA made at

least 218 unauthorized phone calls to them in violation of the TCPA. Relying on

arbitration agreements contained in addenda to the plaintiffs' credit card agreements,

USAA moves to compel arbitration of the present claims.

Section two of the Federal Arbitration Act "places arbitration agreements on an equal footing with other contracts and requires courts to enforce them according to their terms." *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010). Here, plaintiffs' use of their USAA credit cards was governed by credit card agreements that subjected all disputes relating to the agreements to arbitration. *See, e.g.*, ECF 44-8, ex. H ("Any Covered Claim, upon election by either of us, shall be resolved by arbitration according to the terms of this Arbitration Addendum."). Nonetheless, plaintiffs assert that their claims are not arbitrable for various reasons.

First, the plaintiffs argue that because the "Arbitration Addendum is not referenced in the main agreement," they did not actually agree to arbitrate their claims. Pltf's Opp. ECF 47, at 7. But contrary to plaintiffs' assertion, the credit card agreements make direct reference to and incorporate the arbitration addenda. *See, e.g.*, ECF 44-5, ex. E ("This Agreement has an Arbitration Addendum which contains an arbitration clause that is part of and incorporated into this Agreement."); ECF 44-7, ex. G ("This Agreement consists of the following documents: (a) the *Universal Terms and Conditions* that you are reading now; (b) the *Pricing Schedule*; (c) the *Arbitration Addendum* . . . ." (emphases in original)).

Second, plaintiffs assert that their TCPA claims are not within the "scope" of the arbitration addenda because their claims do not "arise from" or "relate to" their

credit card account. But the arbitration addenda refer such questions to an arbitrator to decide. *See, e.g.*, ECF 44-6, ex. F (designating for arbitration questions of "The scope, validity, and enforceability of this Agreement or this Arbitration Clause, as well as any position taken (or defense asserted) by you that the Arbitration Clause is not valid or enforceable or does not cover a claim or dispute."); ECF 44-8, ex. H (defining "Covered Claim" as including any dispute "that in any way arises out of or relates to: This Agreement as it has been or will be amended from time to time, *or the scope, validity and enforceability of any Terms* (including . . . *this Arbitration addendum* . . .)." (emphases added));. These "gateway" arbitration provisions, in which the question of arbitrability is itself determined in an arbitral forum, have been sanctioned by the Supreme Court. *Rent-A-Center*, 561 U.S. at 70 ("An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other.").

Lastly, plaintiffs argue that their TCPA claims should not be subject to arbitration because that would prevent them from effectively vindicating their federal statutory rights. But, as the Supreme Court has explained, by merely "agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

In that vein, the Supreme Court has consistently reaffirmed that arbitration is a valid forum for the vindication of federal statutory rights.  *See CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 673 (2012) (holding claims made under the Credit Repair Organizations Act are arbitrable); *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 238, 242 (1987) (same for claims under § 10(b) of the Exchange Act and RICO)*; Mitsubishi*, at 628-640 (same for antitrust claims under the Sherman Act).  Putting aside plaintiffs' conclusory statement that arbitration would prevent them from vindicating their rights under the TCPA, they offer no reason why this statute should be exempt from the strong federal policy favoring arbitration.

Accordingly, the defendants' motion to compel arbitration is GRANTED.

**SO ORDERED.**

_Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 28, 2016

4